# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | | |
|---|---|---|
| Scott Jones | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| First Resolution Investment Corp. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporate Service Center, Inc. | ) | |
|     5605 Riggins Court, Suite 200 | ) | |
|     Reno, NV 89502 | ) | |
| | ) | |
| Unifund CCR, LLC | ) | |
| *Successor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Unifund CCR Partners | ) | |
| *Succcessor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
| *and Assumed Name for* | ) | |
| Credit Card Receivables Fund, Inc. *and* | ) | |
| ZB Limited Partnership | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Credit Card Receivables Fund, Inc. | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road, Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
|     ZB Limited Partnership | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road, Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
| Fenton & McGarvey Law Firm, P.S.C. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |

| | |
|---|---|
| Thomas C. Fenton | ) |
| 401 South Fourth Street | ) |
| Suite 1200 | ) |
| Louisville, KY 40202 | ) |
| | ) |

# COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

### INTRODUCTION

1.  This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.  Plaintiff, Scott Jones, is a natural person who resides in Fayette County, Ky. Mr. Jones is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.  First Resolution Investment Corp. ("FRIC") is a foreign corporation that is not registered with the Kentucky Secretary of State. FRIC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. FRIC either sold all of its assets to the Unifund Group of companies and/or transferred its assets to the Unifund Group of companies for servicing.[1]

5.  FRIC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6.  Unifund CCR, LLC is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR, LLC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR, LLC's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

7.  Unifund CCR, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

---

[1] http://www.firstresolution.com (visited October 3, 2016).

8. Unifund CCR Partners is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

9. Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

10. Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

11. Defendant Fenton & McGarvey Law Firm, P.S.C. ("Fenton") is a Kentucky professional services corporation and is engaged in the business of collecting debts on behalf of other legal entities, including FRIC, Unifund CCR, LLC, and Unifund CCR Partners. Fenton's principal place of business is located at 2401 Stanley Gault Parkway, Louisville, KY 40223.

12. Fenton is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

13. FRIC is or was a Canadian corporation.

14. On August 12, 2010, FRIC, by and through attorneys of the law firm of Mapother & Mapother, P.S.C. ("Mapother"), filed suit against Plaintiff Scott Jones in the Madison District Court of Madison County, Kentucky under Case No. 10-C-01270 (the "State Court Lawsuit").

15. FRIC's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card originated by Chase Manhattan Bank USA, N.A. ("Chase").

16. The Chase credit card at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

17. On November 30, 2011, FRIC moved for default judgment against Mr. Jones in the State Court Lawsuit, and the Meade District Court entered default judgment in FRIC's favor on February 2, 2012 (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached as Exhibit "A."

18. The Default Judgment provides in pertinent part:

> This action coming on to be heard on the plaintiff's complaint, the Defendant, SCOTT P JONES, was served with a Civil Summons and Complaint in Madison County, KY on August 23, 2010 by Certified Mail, it is considered and adjudged that the plaintiff, First Resolution Investment Corp., recover of the defendant SCOTT P JONES, the sum of $2,268.43 plus interest at the rate of 8.00 % per annum from September 29, 2006 until the date of judgment, subject to a credit of $1,500.00 paid as of February 21, 2011, then 12.00 % per annum thereafter from the date of judgment until paid, and the further sum of $499.05 attorney's fees pursuant to KRS 286.3-750 and it's court costs, for all of which execution may issue forthwith.

Exhibit "A."

19. In accord with Ky. R. Civ. P. 54.04 the Default Judgment generally awards "it's [*sic*] court costs" to FRIC but no amount of court costs is included or set forth in the amount of the judgment.

20. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

21. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

22. If a prevailing party fails to file a bill of costs as required by law, the prevailing

party may not recover court costs from the losing party.

23. Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

24. A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

25. Neither FRIC, nor Mapother as FRIC's counsel, nor Defendant Fenton & McGarvey Law Firm, P.S.C. ("Fenton") as FRIC's subsequent counsel, nor any other party on FRIC's behalf filed a bill of costs in the State Court Lawsuit.

26. Neither FRIC, nor Mapother as FRIC's counsel, nor Fenton as FRIC's subsequent counsel, nor any other party on FRIC's behalf served a bill of costs on Mr. Jones related to its costs expended in the State Court Lawsuit.

27. The Madison District Court has entered no supplemental judgment in the State Court Lawsuit awarding FRIC costs.

28. On or about March 19, 2015, the Unifund Group acquired all of FRIC's assets.

29. Upon information and belief, the Unifund Group acquired the FRIC judgment against Mr. Jones as part of this acquisition.

30. At the time Unifund Group acquired FRIC's assets—including the Default Judgment—FRIC did not have any right to collect any court costs from Mr. Jones because at no time prior to the acquisition did FRIC file a bill of costs in the State Court Lawsuit.

31. Because FRIC had no right to recover court costs at the time of the transfer of interest to Unifund Group, Unifund Group did not receive any right to collect court costs from Mr. Jones under the transfer of interest.

32. Upon information and belief, Unifund CCR, LLC and Unifund CCR Partners are affiliated with the Unifund Group.

33. On August 19, 2015, Defendant Fenton & McGarvey Law Firm, P.S.C. ("Fenton") filed a Notice of Substitution of Counsel in the State Court Lawsuit, substituting for Mapother as counsel of record for FRIC in the State Court Lawsuit.

34. On January 12, 2017, FRIC and/or Unifund CCR, LLC and/or Unifund CCR

Partners, by and through Fenton as their counsel, caused a non-wage garnishment (the "Garnishment") to be executed and filed in an attempt to collect the Default Judgment.

35. A true and accurate copy of the Garnishment is attached as Exhibit "B."

36. The Garnishment provides in pertinent part:

| | |
|---|---|
| **Judgment Creditor:** | First Resolution Investment Corp. |
| **Judgment Debtor:** | Scott P Jones |
| **Garnishee:** | [redacted] |
| **Amount Due:** | $2,278.48   **Date of Judgment:** February 2, 2012 |
| **Probable Court Costs:** | $20.00 |

Exhibit "B."

37. Upon information and belief, the "Amount Due" of $2,278.48 includes self-awarded court costs that neither FRIC, nor Unifund CCR, LLC, nor Unifund CCR Partners, nor Fenton has any legal right to recover from Mr. Jones.

38. The "Probable Court Costs" of $20.00 consists of statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

39. The Garnishment attached $1,451.25 in funds belonging to Mr. Jones, which were subsequently forwarded to Fenton as counsel for FRIC, Unifund CCR, LLC, and Unifund CCR Partners.

40. Upon information and belief, FRIC, Unifund CCR, LLC, Unifund CCR Partners, and Fenton applied some portion of the $1,451.25 in funds received by means of the Garnishment to recover its self-awarded court costs and collection expenses.

41. The funds taken out of Mr. Jones's bank account have caused him great economic hardship.

42. The Garnishment has also taken a huge emotional and physical toll on Mr. Jones.

43. FRIC, Unifund CCR, LLC, Unifund CCR Partners, and Fenton violated the FDCPA by misrepresenting the amount of the debt in the Garnishment, including costs and fees in the amount of court costs listed in the Garnishment that are not allowable as court costs, and including a claim for court costs in the Garnishment where no Bill of Costs was filed in the State Court Lawsuit.

## Claims for Relief

I. **Claims against First Resolution Investment Corp., Unifund CCR, LLC, Unifund CCR Partners, and Fenton & McGarvey Law Firm, P.S.C.**

    A. **Violations of the FDCPA**

44. The foregoing acts and omissions of First Resolution Investment Corp. ("FRIC"), Unifund CCR, LLC, Unifund CCR Partners, and Fenton & McGarvey Law Firm, P.S.C. ("Fenton") constitute violations of the FDCPA. FRIC, Unifund CCR, LLC, Unifund CCR Partners, and Fenton's violations include, but are not limited to, the following:

    a. Violation of 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the Chase debt;

    b. Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the Chase debt in the Garnishment;

    c. Violation of 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received by FRIC, Unifund CCR, LLC, Unifund CCR Partners, and Fenton in the collection of a debt;

    d. Violation of 15 U.S.C. § 1692e(5) by collecting or attempting to collect costs and collection expenses which neither FRIC, nor Unifund CCR, LLC, nor Unifund CCR Partners, nor Fenton had a legal right to collect from Mr. Jones, thus taking an action which cannot legally be taken;

    e. Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect costs and collection expenses from Mr. Jones in the Garnishment;

    f. Violation of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

    g. Violation of 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts of costs and collection expenses which were neither authorized by the agreement creating the Chase debt nor permitted by law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Scott Jones requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Submitted by:

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:  (502) 473-6525
Fax:  (502) 473-6561
james@kyconsumerlaw.com